IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES C. ADAMS, M.D. *et al.*<br><br>Defendants. | Civil Action No.<br>4:18-cv-00191-WMR |

## Parties' Proposed Jury Charges

The Plaintiff, United States of America, and Defendants, Charles C. Adams, M.D. and Charles C. Adams, M.D., P.C. d/b/a Full Circle Medical Center, hereby submit these proposed jury charges pursuant to Federal Rule of Civil Procedure 51(a)(1), Local Civil Rule 51.1, and this Court's Standing Order Regarding Civil Litigation. There are two categories of jury charges: (1) pre-trial charges and (2) post-trial charges. The parties respectfully reserve their right to supplement, withdraw, or modify these jury charges depending on the evidence presented and the arguments of counsel.

Respectfully submitted this, 5th day of June, 20023.

RYAN K. BUCHANAN
*United States Attorney*

s/  Scott R. Grubman

Scott R. Grubman
(signed by Akash Desai with
permission)
Georgia Bar No. 317011
sgrubman@cglawfirm.com
Lauren A. Warner
Georgia Bar No. 425769
lwarner@cglawfirm.com
Brittany M Cambre
Georgia Bar No. 350793
bcambre@cglawfirm.com
CHIVILIS GRUBMAN
1834 Independence Square
Atlanta, Georgia 30338
Telephone: 404-233-4171
Facsimile 404-261-2842

*Counsel for Defendants Charles C.
Adams, M.D. and Charles C. Adams,
M.D., P.C. d/b/a Full Circle Medical
Center*

s/     Akash R. Desai

Anthony C. DeCinque
Assistant United States Attorney
Georgia Bar No. 130906
anthony.decinque@usdoj.gov
Akash R. Desai
Assistant United States Attorney
Georgia Bar No. 338124
akash.desai@usdoj.gov
600 U.S. Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
Ph: (404) 581-6000  Fx: (404) 581-6364

*Counsel for the United States of America*

# **Table of Contents**

- Pretrial Jury Charges

- Post-Trial Jury Charges

# Pre-Trial Jury Charges

11ᵗʰ Circuit Pattern Instruction

## Instruction No. 1 (Joint)

### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

11ᵗʰ Circuit Pattern Instruction

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court

11ᵗʰ Circuit Pattern Instruction

may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

11th Circuit Pattern Instruction

· the reasonableness of the witness's testimony in light of all the evidence; and

·any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, <u>the United States</u>, claims the Defendants, <u>Charles C. Adams, M.D. ("Dr. Adams") and Charles C. Adams, M.D., P.C. d/b/a Full Circle Medical Center ("Full Circle Medical Center"),</u> <u>violated the False Claims Act, which prohibits a party from knowingly presenting or causing to be presented false claims to the United States for payment or approval.</u>[1] <u>Specifically, the United States contends that Defendants sent false claims to Medicare, a government health insurance program, for reimbursement of chelation therapy and related services.</u>

<u>The Defendants, Dr. Adams and Full Circle Medical Center,</u> <u>deny those claims and contend that Dr. Adams did not knowingly submit false claims and that their conduct was not material to the Government's payment decision. As I will explain later, "knowledge" and "materiality" are elements of establishing a</u>

---

[1] The Underlined text indicates portions of the pattern instructions that are to be inserted by the Court or parties.

11th Circuit Pattern Instruction

<u>False Claims Act violation. Defendants thus contend that the United States has not met its burden of proving a False Claims Act violation.</u>

<u>Burden of proof</u>:

<u>The United States</u> has the burden of proving <u>its</u> case by what the law calls a "preponderance of the evidence." That means <u>the United States</u> must prove that, in light of all the evidence, what <u>it</u> claims is more likely true than not. So, if you could put the evidence favoring <u>the United States</u> and the evidence favoring <u>Dr. Adams and Full Circle Medical Center</u> on opposite sides of balancing scales, <u>the United States</u> needs to make the scales tip to <u>its</u> side. If <u>the United States</u> fails to meet this burden, you must find in favor of <u>Dr. Adams and Full Circle Medical Center</u>.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them

11ᵗʰ Circuit Pattern Instruction

information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related

11th Circuit Pattern Instruction

to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

11th Circuit Pattern Instruction

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the United States will present its witnesses and ask them questions. After the United States questions the witness, Dr. Adams and Full Circle Medical Center may ask the witness questions – this is called "cross-examining" the witness. Then Dr. Adams and Full Circle Medical Center will present their witnesses, and the United States may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**AUTHORITY:**

Pattern Civ. Jury Instr. 11th Cir. (2022) § 1.1.

11ᵗʰ Circuit Pattern Instruction

## Instruction No. 2 (Joint)

### Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**AUTHORITY:**

- Pattern Civ. Jury Instr. 11th Cir. (2022) § 1.5.

11ᵗʰ Circuit Pattern Instruction

## Instruction No. 3 (Joint)

### Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**<u>AUTHORITY:</u>**

- Pattern Civ. Jury Instr. 11th Cir. (2022) § 2.1.

11th Circuit Pattern Instruction

## Plaintiff's Proposed Instruction No. 4 (Disputed)

Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [that the FDA label for the drug EDTA is, in fact, the FDA label] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**AUTHORITY:**

- Pattern Civ. Jury Instr. 11th Cir. (2022) § 2.5.

**DEFENDANTS' OBJECTION:**

- This instruction calls attention to the FDA label. The Plaintiff stated at the pretrial conference that it was not asking for a special instruction. This type of special instruction was the basis for Defendants' objection to Plaintiff's motion in limine on this topic. [Dkt. 193-6.]   Alternatively, if the Court believes this instruction is appropriate, Defendants would submit that this instruction would be more appropriate as a post-evidence instruction.

**PLAINTIFF'S RESPONSE:**

- Plaintiff stated at the pretrial conference that it was not asking for a special instruction to the jury regarding the truth of the contents of the FDA label. Instead, Plaintiff stated that, as the proposed instruction notes above, that the FDA label is the FDA label.

# Post-Trial Jury Instructions

11ᵗʰ Circuit Pattern Instruction

## Instruction No. 5 (Joint)

Court's Instructions to the Jury

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**<u>AUTHORITY:</u>**

- Pattern Civ. Jury Instr. 11th Cir. (2022) § 3.1.

11ᵗʰ Circuit Pattern Instruction

## Instruction No. 6 (Joint)

### The Duty to Follow Instructions and be Impartial

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that the United States and a corporation are involved as parties must not affect your decision in any way. The United States, a corporation, and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**AUTHORITY:**

- Pattern Civ. Jury Instr. 11th Cir. (2022) §§ 3.2.2 and 3.2.3 (pattern instructions modified to combine elements from both Sections 3.2.2 and 3.2.3).

11th Circuit Pattern Instruction

## Instruction No. 7 (Joint)

### Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**AUTHORITY:**

Pattern Civ. Jury Instr. 11th Cir. (2022) § 3.3.

11th Circuit Pattern Instruction

## Instruction No. 8 (Joint)

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**AUTHORITY:**

Pattern Civ. Jury Instr. 11th Cir. (2022) § 3.4.

11ᵗʰ Circuit Pattern Instruction

## Instruction No. 9 (Joint)

Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**AUTHORITY:**

- Pattern Civ. Jury Instr. 11th Cir. (2022) § 3.5.1.

Non Pattern Instruction

## Plaintiff's Proposed Instruction No. 10 (Disputed)

Lawyers Interviewing Witnesses

It is proper for a lawyer to meet with any witness in preparation for trial.

### AUTHORITY:

- Federal Civil Jury Instructions of the Seventh Circuit (2017), Instruction 1.16, p.22, *available at* https://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf.

- Jury Instructions, United States v. Aniemeka, No. 1:17-cv-04011, Dkt. No. 222 at 14 (N.D. Ill. May 2, 2023).

### DEFENDANTS' OBJECTION:

- This instruction is unnecessary and irrelevant, especially in a False Claims Act case where the government has the authority to investigate the claim under seal and without the defendant even knowing an investigation is ongoing.

11ᵗʰ Circuit Pattern Instruction

## Instruction No. 11 (Joint)

### Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**<u>AUTHORITY:</u>**

- Pattern Civ. Jury Instr. 11th Cir. (2022) § 3.6.1.

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 12 (Disputed)

### Expert—State of Mind[2]

An expert witness may not offer opinions about an individual or corporation's intent, motives, or state of mind. You must disregard any testimony by an expert witness about any of the Defendants' intent, motives, or state of mind.

## PLAINTIFF'S OBJECTION:

- Plaintiff objects to this instruction because it is irrelevant to this case.

## DEFENDANT'S RESPONSE:

As the Supreme Court recently held in the *SuperValu* case, a defendant's state of mind is the most important aspect of a False Claims Act case.  Based on statements made in the deposition of at least one expert

---

[2] See *Marlin v. Moody Nat. Bank*, N.A., 248 F. App'x 534, 541 (5th Cir. 2007) ("[A]n expert's conclusory assertions regarding a defendant's state of mind are not helpful or admissible. . . . [A]n expert's credentials do not place him in a better position than the jury to draw conclusions about a defendant's state of mind."); *Klaczak v. Consol. Med. Transp. Inc.*, 2005 WL 1564981, at *5 (N.D. Ill. May 26, 2005) (holding in FCA case that "[t]his is precisely the sort of testimony—about fraud in the legal sense, as well as about a party's subjective state of mind, a subject on which the expert is no better qualified than a jury—that precedent forbids."); *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 546–47 (S.D.N.Y. 2004) ("[T]he opinions of [expert] witnesses on the intent, motives, or states of mind of corporations, regulatory agencies and others have no basis in any relevant body of knowledge or expertise. . . . the question of intent is a classic jury question and not one for the experts.").

11th Circuit Pattern Instruction

on the government's witness list (Dr. Garrett), wherein Dr. Garrett

attempted to attribute a motive to Dr. Adams, Defendants believe that the

jury should be instructed on this issue.

11ᵗʰ Circuit Pattern Instruction

## Instruction No. 13 (Joint)

Responsibility for Proof

In this case it is the responsibility of the <u>Plaintiff, the United States,</u> to prove every essential part of <u>its</u> claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the <u>Plaintiff's</u> claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the <u>Plaintiff</u>.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of <u>Plaintiff's</u> claims by a preponderance of the evidence, you should find for the <u>Defendants</u> as to that claim.

**<u>AUTHORITY:</u>**

11th Circuit Pattern Instruction

- Pattern Civ. Jury Instr. 11th Cir. (2022) § 3.7.1.

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 14 (Disputed)

### Fraud Not Presumed[3]

Fraud is never presumed. It must always be proved by a preponderance of the evidence. You should assume that persons are fair and honest in their dealings until the contrary appears from the evidence. If an event that is called into question is equally capable of two interpretations, one honest and the other fraudulent, it should be found to be honest.

**<u>PLAINTIFF'S OBJECTIONS:</u>**

- Plaintiff respectfully requests this instruction not be given because the False Claims Act sets forth what is required to establish a violation and other proposed instructions address the required statutory elements to successfully prove such a violation.

---

[3] Adapted from 3 Fed. Jury Prac. & Instr. § 123:10.

Non-Pattern Instruction

## Plaintiff's Proposed Instruction No. 15 (Disputed)

### The False Claims Act

<u>The False Claims Act is a federal law designed to discourage fraud against the Government. It is to be read broadly to reach all fraudulent attempts to cause the Government to pay out sums of money</u>.

The False Claims Act provides, in relevant part, that any person, including a corporation, who knowingly presents, or causes to be presented, to an officer or employee of the United States, or one of its agencies, a false claim for payment or approval, is liable to the United States.

The False Claims Act authorizes the United States to recover damages caused by false claims for money or property of the United States.

The United States alleges that the Defendants violated the False Claims Act by knowingly submitting, or causing the submission of, claims for chelation therapy and related services that were false of fraudulent.

## AUTHORITY:

- 31 U.S.C. § 3729(a)(1)(A)-(B) and (G).

- *Cook Cnty, Ill. v. United States ex rel. Chandler*, 538 U.S. 119, 129 (2003) ("Congress wrote [the False Claims Act] expansively, meaning to reach all types of fraud, without qualification, that might result in financial loss to the Government.") (cleaned up).

11th Circuit Pattern Instruction

- *United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968) (explaining that the False Claims Act is a "remedial statute" that "reaches beyond 'claims' which might legally be enforced, to all fraudulent attempts to cause the Government to pay out sums of money.").

## **DEFENDANTS' OBJECTION:**

- Defendants object to the underlined portion of this proposed instruction. The FCA's purpose of discouraging fraud against the United States is not relevant to the jury's determination of whether Defendants in this case acted with the requisite scienter in violation of the FCA. More importantly, the second sentence is inconsistent with Supreme Court precedent stating the FCA "is not an all purpose antifraud statute or a vehicle for punishing garden variety breach of contract or regulatory violations." *Universal Servs. ex rel. Escobar v. United States*, 579 U.S. 176, 194 (2016).

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 15 (Disputed)

Introduction to the False Claims Act

Now, let me turn to the instructions of the law. First, I want to address the False Claims Act generally. The False Claims Act authorizes the United States government to recover damages caused by false or fraudulent claims for money or property of the United States.[4]

The United States alleges that the Defendants violated the False Claims Act by submitting claims for chelation theray that were not medically reasonable or necessary.

**PLAINTIFF'S OBJECTION**:

- Plaintiff prefers its proposed instruction on this topic because it captures the reach of the False Claims Act.

---

[4] This instruction was adapted from the final charges given in *United States ex. rel. Lulz v. BlueWave Healthcare Consultants, Inc.*, No. 9:14-cv-0230-RMG, ECF 861 at 13-15 (D.S.C. Feb. 1, 2018).

Non-Pattern Instruction

## Instruction No. 16 (Joint)

False Claims Act - Elements

In order to establish that the Defendants violated the False Claims Act, the

United States must prove by a preponderance of the evidence, as to each

Defendant that:

1. The defendant presented a claim or caused a claim to be

   presented to Medicare for payment;

2. The claim was false or fraudulent;

3. The defendant acted knowingly; and

4. The false or fraudulent information in the claim, record, or

   statement was material to Medicare's decision to pay the claim.

If any of the above elements has not been proved by a preponderance of

the evidence as it relates to each Defendant, your verdict must be for that

Defendant.

## AUTHORITY:

- 31 U.S.C. § 3729(a)(1)(A).

- *United States ex rel. Phalp v. Lincare Holdings, Inc.*, 857 F.3d 1148, 1154 (11th
  Cir. 2017) ("To establish a cause of action under § 3729(a)(1)(A), a relator
  must prove three elements (1) a false or fraudulent claim, (2) which was
  presented, or caused to be presented, for payment or approval, (3) with
  knowledge that the claim was false").

11th Circuit Pattern Instruction

- *Universal Health Servs. Inc. v. United States*, 579 U.S. 176, 191-96 (2016) (discussing false certification claims brought under the False Claims Act and when such claims are material to the Government's payment decision).

- *Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1103 (11th Cir. 2020) (identifying elements of a false certification claim under the False Claims Act).

- *Yates v. Pinellas Hematology Oncology, P.A.*, 21 4th 1288, 1298-99 (11th Cir. 2021) (noting that claims brought under both 31 U.S.C. § 3729(a)(1)(A) and (a)(1)(B) share the element of materiality).

- Jury Instructions, *United States v. Aniemeka*, No. 1:17-cv-04011, Dkt. No. 222 at 25 (N.D. Ill. May 2, 2023).

Non-Pattern Instruction

## Instruction No. 17 (Joint)

### False Claims Act - "Claim"

As used in the False Claims Act, a "claim" is any request or demand for money where the United States Government provides any portion of the money requested or demanded. In this case, a "claim" is a request for reimbursement submitted to Medicare by Defendant Full Circle Medical Center. If you find that Full Circle Medical Center submitted one or more requests for reimbursement to the Medicare program, then you must consider each such request to be a separate claim. It does not matter if the request for reimbursement was submitted in paper or electronic form; either form constitutes a "claim."

**AUTHORITY:**

- 31 U.S.C. § 3729(b)(2).

- *United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968) (stating that a "claim" under the False Claims Act refers to "all fraudulent attempts to cause the Government to pay out sums of money").

- *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 386 (4th Cir. 2015) ("[E]ach time [defendant] submitted to Medicare a UB-92/04 form asking for reimbursement for a prohibited referral, it was knowingly asking the government to pay an amount that, by law, it could not pay. Consequently, we find the district court did not err in finding that each UB-92/04 form constituted a separate claim.").

Non-Pattern Instruction

## Plaintiff's Proposed Instruction No. 18 (Disputed)

"False" or "Fraudulent"

A claim is false or fraudulent when it contains untrue statements or representations about the goods or services provided. For example, a claim is false when a doctor seeks payment for services that he did not actually provide. A claim is also false or fraudulent when a person or entity fails to comply with statutory, regulatory, or contractual requirements but still certifies that it has complied with them when it submits the claim. When healthcare providers enroll in Medicare, they certify that they will abide by Medicare's laws, regulations, and program instructions that apply to the claims they submit. If a provider submits a claim for a service, but does not disclose that the service provided is not actually covered by Medicare, the provider violates his certification, making the claim false.

In this case, the United States alleges that:

(1) Dr. Adams and Full Circle Medical Center presented or caused to be presented false claims because they submitted false diagnosis codes indicating some form of metal poisoning.

(2) Dr. Adams and Full Circle Medical presented or caused to be presented false claims because they certified the chelation services provided complied with Medicare's rules and regulations when in fact they did not.

11th Circuit Pattern Instruction

If you find by a preponderance of the evidence that the United States has proven either (1) or (2) or both as to any claim, then that claim is false.

**AUTHORITY:**

- *United States ex rel. Walker v. R&F Props. of Lake Cnty., Inc.*, 433 F.3d 1349, 1356 (11th Cir. 2005) ("Medicare claims may be false if they claim reimbursement for services or costs that . . . were not rendered as claimed.").

- *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 182 (2016) (holding that the implied false certification theory can provide a basis for liability under the False Claims Act when "a defendant makes representations in submitting a claim but omits its violations of statutory, regulatory, or contractual requirements" so long as those omissions "render the defendant's representations misleading with respect to the goods or services provided").

- *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 4th 1288, 1299 (11th Cir. 2021) (stating that "a claim is false when it misrepresents the goods or services provided" and also when "a person or entity fails to comply with statutory, regulatory, or contractual requirements but certifies that it has complied with them").

- Jury Instructions, *United States v. Aniemeka*, No. 1:17-cv-04011, Dkt. No. 222 at 27 (N.D. Ill. May 2, 2023).

**DEFENDANTS' OBJECTIONS:**

11th Circuit Pattern Instruction

- Defendants object to this proposed instruction as it misstates the law, particularly the following statement: "When healthcare providers enroll in Medicare, they certify that they will abide by Medicare's laws, regulations, and program instructions that apply to the claims they submit. If a provider submits a claim for a service but does not disclose that the service provided is not actually covered by Medicare, the provider violates his certification, making the claim false." Not only is this language confusing, but it misstates the definition of falsity.  Moreover, this statement is directly contrary  to Supreme Court's decision in *Escobar* in which the Court held that the FCA "is not an all purpose antifraud statute or a vehicle for punishing garden variety breach of contract or regulatory violations."  *Escobar*, 579 U.S.  at 194. The *Yates* case cited by Plaintiff is inapposite, as that case dealt with a defendant who submitted claims "that falsely certified that blood tests were performed at clinical laboratory with valid Clinical Laboratory Improvement Amendments (CLIA) certificate."

- Defendants further object to this instruction 's characterization of the Plaintiff's allegations  that  "defendants submitted false diagnosis codes indicating some form of metal poisoning." The codes,  their meaning, and whether they cover metal poisoning is  highly disputed in this case. This instruction could be read as giving credence to the Plaintiff's theory that the diagnosis codes at issue in this case mean metal poisoning, as opposed to other conditions like toxic effects of  certain metals.

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 18 (Disputed)

### False or Fraudulent

The United States must prove that each claim or statement they allege caused to be made or submitted to CMS was false or fraudulent. A claim or statement is false if it is untrue when made or when submitted. A claim or statement is fraudulent if it is an assertion that is known to be untrue when made or submitted. The falsity or fraudulence of a claim or statement is determined at the time the claim is presented or the statement is made.[5]

**PLAINTIFF'S OBJECTIONS:**

- Plaintiff objects to this instruction because it does not cover the implied certification theory of falsity as recognized in *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 182 (2016).

---

[5]*United States ex rel. Loughren v. UnumProvident Corp.*, Case No. 03-cv-11699, ECF 459 at 196 (D. Mass. Oct. 16, 2008) ("What do I mean by 'false' or 'fraudulent'? A statement is false if it is an assertion of eligibility that is untrue when made or when used. A claim is false if it is untrue when made or when submitted. A claim is fraudulent if it is an assertion that is known to be untrue when made or submitted. The falsity or fraudulence of a claim or the falsity of a statement is determined at the time of the submission of the claim with the making of the statement."); *Harman v. Trinity Ind. Inc.*, Case No. 12-cv-89, ECF 584 at 43 (E.D. Tex. Oct. 21, 2014) ("A record or statement is false if it is an assertion that is untrue when made or when used."); 3C Fed. Jury Prac. & Instr. § 178:30 ("A claim is 'false' if it is an assertion that is untrue when made or when used."); 3C Fed. Jury Prac. & Instr. § 178:31("A claim is 'fraudulent' if it is an assertion that is known to be untrue.").

Non-Pattern Instruction

## Instruction No. 19 (Joint)

### False Claims Act - Causes to be Presented

A person need not be the one who actually submitted the claim in order to be liable under the False Claims Act. In other words, it is not necessary for a defendant to prepare the claim or receive the money directly from Medicare or the Government; the Defendant's causing the payment of government money to some other individual or entity will suffice.

In order to find that Defendants' conduct caused false claims to be submitted to Medicare, you must determine that the conduct was (1) a substantial factor in inducing someone to submit false claims to Medicare for reimbursement; and (2) the submission of those false claims to Medicare was reasonably foreseeable or anticipated as a natural consequence of the Defendants' conduct.

## **AUTHORITY:**

- *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 544-45 (1943) ("[FCA] reach[es] any person who knowingly assisted in causing the government to pay claims which were grounded in fraud, without regard to whether that person has direct contractual relations with the government.").

- *Ruckh v. Salus Rehab., LLC*, 963 F.3d 1089, 1106-07 (11th Cir. 2020) (holding that for "cause to be presented" claims, proximate cause is the appropriate

Non-Pattern Instruction

standard "to determine whether there is a sufficient nexus between the defendants' conduct and the submission of a false claim);

- Jury Instructions, *United States v. Aniemeka*, No. 1:17-cv-04011, Dkt. No. 222 at 36 (N.D. Ill. May 2, 2023).

Non-Pattern Instruction

## Plaintiff's Proposed Instruction No. 20 (Disputed)

False Claims Act - "Knowing" or "Knowingly"

The False Claims Act defines the terms "knowing" and "knowingly" to mean that a defendant, with respect to information:

1. Had actual knowledge of the information

2. Acted in deliberate ignorance of the truth or falsity of the information; or

3. Acted in reckless disregard of the truth or falsity of the information.

The United States does not need to prove that any Defendant specifically intended to defraud Medicare or the United States Government.

## AUTHORITY:

- 31 U.S.C. § 3729(b)(1).

- Jury Instructions, *United States ex rel. Drakeford v. Tuomey*, No. 3:05-cv-02858-MBS, Dkt. No. 810 at 11-12 (D.S.C. May 8, 2013).

- Jury Instructions, *United States v. Aniemeka*, No. 1:17-cv-04011, Dkt. No. 222 at 29 (N.D. Ill. May 2, 2023).

## DEFENDANTS' OBJECTION:

- Defendants object to this instruction as incomplete. It does not clarify the recent Supreme Court ruling in *Supervalu* that "knowing" and "knowingly" under the False Claims Act refers to a defendant's

Non-Pattern Instruction

knowledge and subjective beliefs. It does not refer to what an objectively reasonable person may have known or believed. Defendants further object to the underlined sentence because it does not define "specific intent" which is a term of art beyond the knowledge of the average juror.

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 20 (Disputed)

False Claims Act – "Knowing" or "Knowingly"

As stated above, for purposes of the False Claims Act, a person knows that a claim is false if the person:

(1) Has actual knowledge that the information was false;

(2) Acts in deliberate ignorance of the truth or falsity of the information; or

(3) Acts in reckless disregard of the truth or falsity of the information.[6]

"Knowing" and "knowingly" under the False Claims Act refers to a defendant's knowledge and subjective beliefs. It does not refer to what an objectively reasonable person may have known or believed.

**AUTHORITY:**

- 31 U.S.C. § 3729(b)(1).

- *United States ex rel. Schutte v. Supervalu, Inc.*, 598 U. S. _____, 2023 WL 3742577, at *6 (June 1, 2023) ("The FCA's scienter element refers to respondents' knowledge and subjective beliefs—not to what an objectively reasonable person may have known or believed.").

- Jury Instructions, *United States ex rel. Drakeford v. Tuomey*, No. 3:05-cv-02858-MBS, Dkt. No. 810 at 11-12 (D.S.C. May 8, 2013).

**PLAINTIFF'S OBJECTION:**

---

[6] This instruction was adapted from the final charges given in *United States ex rel. Drakeford v. Toumey d/b/a Toumey Healthcare System, Inc.*, No. 3:05-cv-02858-MBS, ECF 810 at 11-12 (D.S.C. May 8, 2013).

Non-Pattern Instruction

- Plaintiff prefers its proposed instruction on this topic because it contains the language from the False Claims Act that proof of specific intent to defraud is not required.

- Plaintiff further objects to Defendants' proposed instruction because the Supreme Court's recent decision in *United States ex rel. Schutte v. Supervalu, Inc.*, 598 U. S. ____, 2023 WL 3742577 (June 1, 2023) arose in different factual context. Specifically, in that case, the Defendants were alleged to have already formed a subjective understanding of what a particular provision required but argued that their subjective beliefs were irrelevant because the provision at issue could have been understood by a reasonable person standing in their shoes to have meant something else.

- Additionally, the Defendants' proposed instruction may cause the jury to focus on only whether the Defendants possessed actual knowledge of the facts without considering the concepts of deliberate ignorance and reckless disregard. The Supreme Court in *Supervalu* acknowledged in a footnote that there is an objective form of recklessness, but noted that it did not need to address that issue at the time of its decision. *United States ex rel. Schutte v. Supervalu, Inc.*, 598 U. S. ____, 2023 WL 3742577, at *7 n.5.

Non-Pattern Instruction

# Instruction No. 21 (Joint)

## False Claims Act – Actual Knowledge

"Actual Knowledge" means that a Defendant was aware that the alleged false or fraudulent claim was, in fact, false or fraudulent. The United States may establish a Defendant's actual knowledge through direct and/or circumstantial evidence.

## <u>AUTHORITY:</u>

- *United States ex rel. Schutte v. Supervalu, Inc.*, 598 U. S. _____, 2023 WL 3742577, at *7 (June 1, 2023) ("First, the term 'actual knowledge' refers to whether a person is 'aware of' information.").

- Jury Instructions, *United States v. Aniemeka*, No. 1:17-cv-04011, Dkt. No. 222 at 30 (N.D. Ill. May 2, 2023).

- Jury Instructions, *United States v. Bluewave Healthcare Consultants, Inc.*, No. 9:14-cv-230-RMG, Dkt. No. 861 at 21 (D.S.C. Feb. 2, 2018).

Non-Pattern Instruction

## Plaintiff's Proposed Instruction No. 22 (Disputed)

### False Claims Act – Deliberate Ignorance

"Deliberate Ignorance" means a Defendant is aware of a high probability that a statement is false, but purposefully avoids taking steps to learn the truth.

## AUTHORITY:

- *United States ex rel. Schutte v. Supervalu, Inc.*, 598 U. S. _____, 2023 WL 3742577, at *7 (June 1, 2023) ("Second, the term 'deliberate ignorance' encompasses defendants who are aware of a substantial risk that their statements are false, but intentionally avoid taking steps to confirm the statement's truth or falsity.").

- Pattern Crim. Jury Instr. 11th Cir. (S8) (2022) (criminal pattern jury instruction providing: "'Deliberate avoidance of positive knowledge'" – which is the equivalent of knowledge – occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he or she can deny knowledge of the package's contents. So you may find that a defendant knew about the possession of a controlled substance if you determine beyond a reasonable doubt that the defendant (1) actually knew about the controlled substance, or (2) had every reason to know but deliberately closed [his] [her] eyes.").

- *United States v. Rivera*, 944 F.2d 1563, 1571 (11th Cir. 1991) (determining that a deliberate ignorance instruction is warranted in a criminal case when "the facts . . . support the inference that the defendant was aware of a high

Non-Pattern Instruction

probability of the existence of the fact in question and purposefully contrived to avoid learning all of the facts[.]").

- Jury Instructions, *United States v. Aniemeka*, No. 1:17-cv-04011, Dkt. No. 222 at 31 (N.D. Ill. May 2, 2023).

**<u>DEFENDANTS' OBJECTION:</u>**

- Defendants object to this instruction to the extent it deviates from the definition provided by the Supreme Court in *Supervalu*. "[T]he term 'deliberate ignorance' encompasses defendants who are aware of a substantial risk that their statements are false, but intentionally avoid taking steps to confirm the statement's truth or falsity. *United States ex rel. Schutte v. Supervalu, Inc.*, 598 U. S. ____, 2023 WL 3742577, at *7 (June 1, 2023).

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 22 (Disputed)

### False Claims Act – Deliberate Ignorance

Deliberate ignorance encompasses defendants who are aware of a substantial risk that their statements are false, but intentionally avoid taking steps to confirm the statements' truth or falsity.[7] You may not conclude that the particular Defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.[8]

## PLAINTIFF'S OBJECTION:

- Plaintiff prefers its instruction on this topic because it is more succinct. Also the last sentence of Defendants' proposed instruction is unnecessary.

## DEFENDANTS' RESPONSE:

The first sentence is a direct quote from the Supreme Court's recent decision in *Supervalu*.  As such, Defendants see now need utility in deviating from it.     The second sentence is a proper instruction that accurately expands on the required scienter.

---

[7] *Supervalu*, 2023 WL 3742577, at *1.

[8] This instruction was adapted from the final charges given in United States ex rel. Drakeford v. Toumey d/b/a Toumey Healthcare System, Inc., 3:05-cv-02858-MBS, ECF 810 at 12 (D.S.C. May 8, 2013).

Non-Pattern Instruction

## Plaintiff's Proposed Instruction No. 23 (Disputed)

False Claims Act - Reckless Disregard

"Reckless Disregard" means that a defendant is aware of a substantial and unjustifiable risk that its claims are false, but submits the claims anyway.

Reckless disregard also means that a person's conduct was grossly negligent – that is, it involved a failure to make an inquiry that a person, in the exercise of reasonable and prudent judgment, should have made under the circumstances. In other words, a defendant acts with reckless disregard when that defendant knows or has reason to know facts that would lead a reasonable person to realize that harm is likely to result from the relevant act, but acts anyway.

## AUTHORITY:

- *United States ex rel. Schutte v. Supervalu, Inc.*, 598 U. S. ____, 2023 WL 3742577, at *7 (June 1, 2023) ("And, third, the term "reckless disregard" similarly captures defendants who are conscious of a substantial and unjustifiable risk that their claims are false, but submit the claims anyway.").

- *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1058 (11th Cir. 2015) (stating that reckless disregard "attaches to only those who act in gross negligence – those who fail to make such inquiry as would be reasonable and prudent to conduct under the circumstances" and is consistent with the definition in Black's Law Dictionary that "a person acts with reckless disregard when

Non-Pattern Instruction

the actor knows or has reason to know of facts that would lead a
reasonable person to realize that harm is the likely result of the relevant
act") (cleaned up).

**<u>DEFENDANTS' OBJECTION:</u>**

- Defendants object to this instruction to the extent it deviates from the
  definition provided by the Supreme Court in *Supervalu*. "[T]he term
  'reckless disregard' similarly captures defendants who are conscious of a
  substantial and unjustifiable risk that their claims are false, but submit the
  claims anyway." *United States ex rel. Schutte v. Supervalu, Inc.*, 598 U. S.
  _____, 2023 WL 3742577, at *7 (June 1, 2023).

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 23

### False Claims Act – Reckless Disregard

Reckless disregard captures defendants who are conscious of a substantial and unjustifiable risk that its claims are false, but submits the claims anyway.[9]

Mere negligence is not sufficient to constitute reckless disregard.

## AUTHORITIES

- *United States ex rel. Schutte v. Supervalu, Inc.*, 598 U. S. ____, 2023 WL 3742577, at *7 (June 1, 2023) ("[T]he term 'reckless disregard' similarly captures defendants who are conscious of a substantial and unjustifiable risk that their claims are false, but submit the claims anyway.")

- Adapted from the final charges given in United States ex. rel. Lulz v. BlueWave Healthcare Consultants, Inc., No. 9:14-cv-0230-RMG, ECF 861 at 22 (D.S.C. Feb. 1, 2018).

## PLAINTIFF'S OBJECTION:

- Plaintiff prefers its objection because it also incorporates the standard of reckless disregard adopted by the Eleventh Circuit. *See Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1058 (11th Cir. 2015) (stating that reckless disregard "attaches to only those who act in gross negligence – those who fail to make such inquiry as would be reasonable and prudent to conduct under the circumstances" and is consistent with the definition in Black's Law Dictionary that "a person acts with reckless disregard when the actor knows or has reason to know of facts that would lead a reasonable person

---

[9] *Supervalu*, 2023 WL 3742577, at *1.

Non-Pattern Instruction

to realize that harm is the likely result of the relevant act") (cleaned up).
The Supreme Court's recent decision in *United States ex rel. Schutte v.
Supervalu, Inc.*, 598 U. S. _____, 2023 WL 3742577, at *7 n.5 (June 1, 2023),
acknowledged, but did not address, that objective form of recklessness.

**DEFENDANTS' RESPONSE:**

The first sentence is a direct quote from the Supreme Court's recent decision in
*Supervalu*.  As such, Defendants see now need utility in deviating from it.   The
second sentence is a proper instruction that accurately expands on the required
scienter.

Non-Pattern Instruction

Non-Pattern Instruction

## Plaintiff's Proposed Instruction No. 24 (Disputed)

### Failure to Inform

In evaluating the Defendants' knowledge in this case, you may consider that participants in the Medicare program have a duty to familiarize themselves with the legal requirements for seeking payment. When a person fails to educate him or herself of Medicare's program requirements, that person acts in reckless disregard or deliberate ignorance of those requirements.

**AUTHORITY:**

- *Heckler v. Cmty. Health Servs. of Crawford Cnty, Inc.* 467 U.S. 51, 64 (1984) ("As a participant in the Medicare program, respondent had a duty to familiarize itself with the legal requirements for cost reimbursement").

- *United States v. Mackby*, 261 F.3d 821, 828 (9th Cir. 2001) (holding that a managing director of a physical therapy clinic who failed to inform himself of Medicare requirements acted in reckless disregard or deliberate ignorance of those requirements, "either of which was sufficient to charge him with knowledge of the falsity of the claims in question.").

**DEFENDANTS' OBJECTION:**

- Defendants object to this proposed instruction because it misstates the legal standard.  There is no binding precedent of which Defendants are aware standing for the proposition that a provider's failure to familiarize itself with the Medicare rules amounts to reckless disregard or deliberate ignorance.  As held by the United States Supreme Court in the recent *SuperValu* case, deliberate ignorance "encompasses defendants who are

Non-Pattern Instruction

aware of a substantial risk that their statements are false, but intentionally avoid taking steps to confirm the statement's truth or falsity." The term reckless disregard "similarly captures defendants who are conscious of a substantial and unjustifiable risk that their claims are false, but submit the claims anyway." *United States ex rel. Schutte v. Supervalu, Inc.*, 598 U. S. ____, 2023 WL 3742577, at *6, *8 (June 1, 2023). The Supreme Court has also held that the FCA "is not an all purpose antifraud statute or a vehicle for punishing garden variety breach of contract or regulatory violations." *Escobar*, 579 U.S.  at 194. The plaintiff's proposed instruction is simply inconsistent with this binding precedent.

Non-Pattern Instruction

## Plaintiff's Proposed Instruction No. 25 (Disputed)

### Corporate Knowledge

Full Circle Medical Center is a corporation. In order to find that Full Circle Medical Center took any action "knowingly," you must find that at least one individual employee had all of the relevant factual information to satisfy the "knowledge" standard under the False Claims Act. In this particular case, that means that you would need to find that at least one individual employee of Full Circle Medical Center (1) was aware that Full Circle Medical Center was submitting and/or causing others to submit claims to Medicare, and (2) "knew," as knowingly is defined in the False Claims Act, that those claims were false.

In determining whether Full Circle Medical Center acted knowingly based on the state of mind of one individual employee, an employee's knowledge of falsity is treated as the knowledge of his or her employer when the employee acts for the benefit of that employer and acts within the scope of his or her employment.

__AUTHORITY:__

- *Grand Union Co. v. United States*, 696 F.2d 888, 890-91 (11th Cir. 1983) (stating that "in cases brought under the False Claims Act[,] . . . knowledge of an employee is imputed to the corporation when the employee acts for the benefit of the corporation and within the scope of his employment" and finding that knowledge of check-out cashiers who

Non-Pattern Instruction

allowed purchases of ineligible items with food stamps that were certified by another unsuspecting employee as being paid for eligible products was imputed to their corporate employer).

- Jury Instructions, *U.S. ex rel. Drakeford v. Tuomey*, No. 3:05-cv-02858-MBS Dkt. No. 10 at 12 (D.S.C. May 8, 2013).

- O'Malley, Grenig & Lee, Fed. Jury Prac. Instr. § 178:21 (6th ed. 2023) ("An employee's knowledge of falsity is imputed to the employee's employer when the employee was acting in the course of employment and for the benefit of the employer").

## **DEFENDANTS' OBJECTION:**

- Defendants object to this proposed instruction as it is confusing and misstates the law. Specifically, the instruction states that if the jury finds "at least one individual employee" had knowledge, Full Circle could be held liable. That is simply not supported by applicable case law. Vicarious liability is a fact-intensive analysis which turns on the employee's role and responsibilities, among other factors. *See, e.g., U.S. v. Southern Maryland Home Health Svs. Inc.*, 95 F. Supp. 2d 465, 469 (D. Md. 2000) (holding that, in the False Claims Act context, "an employer is *not* vicariously liable under the FCA for wrongful acts undertaken by a non-*managerial* employee unless the employer had knowledge of her acts, ratified them, or was reckless in its hiring or supervision of the employee."). Moreover, the Plaintiff's citation to the *Grand Union* case is inapposite, as that case was from 1983, three years before the False Claims Act was amended to include its current definition of knowledge. *See* S.1562 – 99th Congress (1985-1986).

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 26 (Disputed)

Good Faith

In determining whether the Defendants acted with the requisite knowledge under the False Claims Act, you may consider whether the Defendant held a good faith belief that its claims for chelation therapy were covered by Medicare. You may consider this because good faith belief is simply inconsistent with an alleged fraudulent course of conduct.[10]

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

In determining whether or not the defendants acted out of a good faith belief, you must consider all of the evidence received in the case bearing on each Defendant's state of mind.

The government has no burden to prove that the defendants did not act with a good faith belief with respect to their conduct.

---

[10] *United States ex rel. Bunk v. Birkart Globistics GMBH & Co.*, No. 1:02-cv-1168, ECF 1312-3 at 42 (E.D. Va. Aug. 1, 2014) (providing good faith jury instruction on recklessness. [Deleted this citation because it's an AKS case]

Non-Pattern Instruction

## **PLAINTIFF'S OBJECTION:**

- Plaintiff opposes this instruction because it is redundant of the previous instructions on acting "knowingly" under the False Claims Act. Also the last sentence of this instruction could confuse the jury.

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 27 (Disputed)

Disputed Legal Question[11]

If you find there was an unsettled legal question arising from vague provisions or regulations, then the Defendants did not "knowingly" cause any false or fraudulent claims, and you must return a verdict for the Defendants. Taking advantage of a disputed legal position cannot result in a violation of the False Claims Act.

## PLAINTIFF'S OBJECTION:

The Plaintiff objects to this instruction because it is contrary to the decision in *United States ex rel. Schutte v. Supervalu, Inc.*, 598 U. S. ____, 2023 WL 3742577, at *6, *8 (June 1, 2023) (stating that a provision's "facial ambiguity . . . does not by itself preclude a finding of scienter under the FCA").

## DEFENDANTS' RESPONSE

Defendants' proposed instruction is not inconsistent with *SuperValu*.

*SuperValu* stood for the proposition that just because people *could* disagree

---

[11] *U.S. v. Southland Mgmt. Corp.*, 326 F.3d 669, 682 (5th Cir. 2003) (en banc) (Jones, J. specially concurring) ("where disputed legal issues arise from vague provisions or regulations, a contractor's decision to take advantage of a position cannot result in his filing a 'knowingly' false claim"); *U.S. ex rel. Lamers v. City of Green Bay*, 168 F.3d 1013, 1018 (7th Cir. 1999) (no False Claims Act liability for "imprecise statements or differences in interpretation growing out of a disputed legal question"); *Hagood v. Sonoma Cnty. Water Agency*, 81 F.3d 1465, 1478 (9th Cir. 1996) ("To take advantage of a disputed legal question, as may have happened here, is to be neither deliberately ignorant nor recklessly disregardful.").

Non-Pattern Instruction

over the meaning of certain rules or regulations does not, by itself, preclude a finding of scienter.  This case, however, does not involve post-hoc arguments regarding some hypothical disagreement.  Quite the contrary, this case involves questions where experts did, *in fact*, disagree about the meaning of certain rules and regulations during the relevant time period. This forms an important basis of Dr. Adams' defense as it relates to scienter.

### Plaintiff's Proposed Instruction No. 28 (Disputed)

False Claims Act - Materiality

Under the False Claims Act, the term "material" means having a natural tendency to influence, or be capable of influencing, the payment of money. The Government does not need to prove that a false statement actually influenced the Government's decision to pay, only that it had the potential to do so. A matter is material if (1) a reasonable person would attach importance to it in determining a choice of action; or (2) if one or more Defendants knew or had reason to know that the Government attaches importance to the specific matter.

Determining whether a matter is material requires a holistic analysis; no single factor is determinative. For example, when a person submits a claim but does not disclose a violation with statutory, regulatory, or contractual

Non-Pattern Instruction

requirements, the undisclosed violation may be material depending on any number of factors including: (1) whether the Government identified compliance with a statutory, regulatory, or contractual provision as a condition of payment; (2) whether one or more Defendants knew that the Government consistently refused to pay claims based on noncompliance with particular statutory, regulatory, or contractual provisions; and (3) how the Government acted when it actually knew about a violation. However, if the Government unknowingly pays a claim that is false, that act by itself is not relevant to determining materiality.

## AUTHORITY:

- 31 U.S.C. § 3729(b)(4).

- *Universal Health Servs. Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 193-95 (2016) (discussing holistic approach to determining materiality, stating that "materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation," and explaining that under common law, a matter is material "(1) if a reasonable man would attach importance to it in determining his choice of action in the transaction; or (2) if the defendant knew or had reason to know that the recipient of the representation attaches importance to the specific matter in determining his choice of action, even though a reasonable person would not") (cleaned up).

- *U.S. ex rel. Bibby v. Mortg. Inv'rs Corp.*, 987 F.3d 1340, 1347 (11th Cir. 2021) (noting that determining materiality requires a holistic approach of relevant circumstances and that "no single factor is dispositive").

Non-Pattern Instruction

- *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 480 (5th Cir. 2015) (stating that when FEMA lacked knowledge of the details of a specific claim for payment, its "desire to have valid claims paid out quickly [did] not translate into a license to pay invalid claims").

- *United States ex rel. Youn v. Sklar*, 273 F. Supp. 3d 889, 901 (N.D. Ill. 2017) ("[W]e reject the proposition that defendants may insulate themselves from FCA liability by placing the burden on the government to ferret out non-reimbursable claims from among the enormous volume of claims the government receives.").

**<u>DEFENDANTS' OBJECTION:</u>**

- Defendants object to this instruction as incomplete. Additionally, the instruction contains examples that are tailored to the evidence in this case and designed to improperly influence the jury. Defendants' instruction provides a more complete and impartial instruction on materiality.

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 28 (Disputed)

Materiality

In general, a fact is material if a reasonable person would find the fact influential in making a decision; that is, in deciding to do or not to do something important. The materiality standard under the False Claims Act is demanding. The False Claims Act is not an all-purpose antifraud statute, or a vehicle for punishing garden-variety breaches of contract or regulatory violations. A misrepresentation cannot be deemed material merely because the Government designates compliance with a particular statutory, regulatory, or contractual requirement as a condition of payment. Nor can materiality be found where noncompliance is minor or insubstantial.[12]

As it applies to this case, the United States must establish, by a preponderance of the evidence, that Defendants' noncompliance influenced or was capable of influencing the government's decision to pay the Defendants' Medicare claims. It is not enough to show that he government had the option not to pay the claim if it knew of a defendant's noncompliance. If the Defendants' noncompliant submissions were not material to the government's decision to pay a Medicare claim, meaning the government would have likely paid the Medicare

---

[12] *Universal Health Services, Inc. v. United States*, 579 U.S. 176, 194 (2016).

Non-Pattern Instruction

claim regardless of noncompliance, then the alleged noncompliance is not "material".

In deciding whether a fact is material to the government's decision to pay a Medicare claim, you may consider the totality of the circumstances, including the nature of structure of the applicable government program, the nature and mode of delivery of the services provided, the circumstances of those providing and receiving services, the history of billing and payment between the government on the one hand and the Defendants and other providers on the other.

Proof of materiality can include, but is not limited to, evidence that a defendant knows that based on noncompliance with the requirement at issue the government consistently refuses to pay claims in a typical or usual case of the same kind.

Conversely, if the government pays a similar claim in full despite knowledge that the requirements at issue were violated, that's very strong evidence that those requirements are not material.[13]

**PLAINTIFF'S OBJECTION:**

- The Plaintiff objects to this instruction because it does not incorporate the definition of materiality contained in the False Claims Act.

---

[13] This instruction was adapted from the final charges given in *United States ex rel. Angela Ruckh v. Salus Rehab et al.,* No. 8:11-cv-01303-SDM-CPT, ECF 527 at 24-25 (M.D.Fla. 2018).

Non-Pattern Instruction

- It also relies on a particular portion of a passage in the Supreme Court's decision in *Universal Health Servs. Inc. v. United States ex rel. Escobar* without providing the full passage. *See* 579 U.S. 176, 193 (2016) (stating that "materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation," and explaining that under common law, a matter is material "(1) if a reasonable man would attach importance to it in determining his choice of action in the transaction; or (2) if the defendant knew or had reason to know that the recipient of the representation attaches importance to the specific matter in determining his choice of action, even though a reasonable person would not") (cleaned up).

Non-Pattern Instruction

## Plaintiff's Proposed Instruction No. 29 (Disputed)

Materiality – Payment of a Claim Irrelevant Absent Knowledge of the Facts

In this case, the Defendants argue that their conduct was not material because Medicare paid the Defendants' claims for seven years. However evidence that the government pays a claim is not relevant to determining materiality unless the Defendants show that the Government was aware of the facts surrounding that claim.

**<u>AUTHORITY:</u>**

- *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 480 (5th Cir. 2015) (stating that when FEMA lacked knowledge of the details of a specific claim for payment, its "desire to have valid claims paid out quickly [did] not translate into a license to pay invalid claims").

- *United States ex rel. Youn v. Sklar*, 273 F. Supp. 3d 889, 901 (N.D. Ill. 2017) ("[W]e reject the proposition that defendants may insulate themselves from FCA liability by placing the burden on the government to ferret out non-reimbursable claims from among the enormous volume of claims the government receives.").

**<u>DEFENDANTS' OBJECTION:</u>**

- Defendants object to this instruction to the extent it characterizes Defendants' arguments or defenses for the jury and then provides a limiting instruction on the weight the jury should afford that argument and evidence.  This instruction also misstates the law. The Supreme Court has stated that "if the Government pays a particular claim in full despite its

Non-Pattern Instruction

actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material." *Escobar*, 579 U.S. at 178. There is no authority that continued payment of claims has no relevance to materiality unless the government is actually aware of the falsity of the claims, and such statement is inconsistent with Plaintiff's prior assertions that the materiality analysis is a holistic one and no one factor is determinative.

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 30 (Disputed)

The United States has the burden of proving by a preponderance of the evidence each element of his False Claims Act case for each individual claim to CMS that it contends was false or fraudulent. You must consider each claim to CMS separately and independently when determining whether the United States has proven each and every one of the required elements above. You may not speculate that any element (such as falsity, knowledge, causation, or materiality) that you find applies to one Defendant also applies to the other Defendant.[14]

## **PLAINTIFF'S OBJECTION:**

- The Plaintiff respectfully submits that this instruction should not be given because it is redundant of other instructions. The second and third sentences of the proposed instruction also seem to suggest to the jury that the claims submitted by Defendants should not be viewed in context of one another or as a larger pattern of conduct.

---

[14] *Samandi v. Materials & Electrochem. Research Co.,* No. 4:05-cv-00124, ECF 311 at 1 (D. Ariz. Feb. 16, 2011) ("There are a number of claims and a number of defendants. You must consider each defendant separately; you must consider each claim separately; you must consider each element of each claim separately; and you must be unanimous as to each element, each claim and each defendant."); *U.S. ex rel. Ortolano v. Amin Radiology,* No. 5:10-cv-583, ECF 93 at 10 (M.D. Fla. May 9, 2014) ("A claim against the Government may consist of one transaction for which payment is sought, and each claim should be considered separately and independently in determining whether the Plaintiff has proved each of the essential elements above.").

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 31 (Disputed)

Multiple Defendants—Duty to Deliberate as to Each Defendant

Although there is more than one Defendant in this action, it does not follow from that fact alone that if one Defendant is liable, another Defendant is liable. Each Defendant is entitled to fair consideration of the evidence. No Defendant is to be prejudiced should you find against another. All instructions I give you govern the case as to each Defendant.[15]

Therefore, as it relates to knowledge, the United States must prove by a preponderance of the evidence that each individual Defendant had sufficient knowledge on an individual basis to violate the False Claims Act.[16]

---

[15] See *United States ex. rel. Cairns v. DS Medical, LLC* et el., 1:12-CV-00004-AFG, ECF 422 at 21 (E.D. Mo. Nov. 9, 2017) (final jury instruction). The jury's verdict in Cairns was reversed for reasons unrelated to this instruction. See *United States ex. rel. Cairns v. D.S. Medical, LLC*, 2022 WL 2930946, at *3-4 (8th Cir. July 26, 2022) (finding district court charge that it is "is enough for the United States to show that the claim failed to disclose the [a]nti-[k]ickback [s]statute violation" erroneously "brushed aside causation" and "misinterpreted the 2010 amendment").

[16] *United States ex rel. Emanuele v. Medicor Associates*, 242 F. Supp. 3d 409, 432 (W.D. Penn. 2017) ("Plaintiff must produce evidence to satisfy the scienter requirement as to *each individual defendant*, rather than the group as a collective"); *see also United States ex. rel. Burblaw v. Ordenduff*, 548 F.3d 931, 950 (10th Cir. 2008) (noting that FCA plaintiff must "produce evidence that each individual defendant—not the [organization] as in institutional whole—'knowingly' submitted a false claim."); *United States v. Public Warehousing Co. K.S.C.*, 242 F. Supp. 3d 1351, 1360-61 (N.D. Ga. 2017) (noting that it is "well established that a corporation's shareholders or managers cannot be held liable based solely on their title or ownership" under the False Claims Act); *United States ex. rel. Van Voris v. GenPhar, Inc.*, 2016 WL 11257427, at *8 (D.S.C. Oct. 27, 2016) ("That someone is an officer or director of a company alone is not sufficient to impose individual FCA liability on him or her.

Non-Pattern Instruction

**PLAINTIFF'S OBJECTION:**

- Plaintiff objects to this proposed instruction because it is redundant of an earlier instruction regarding the elements of the False Claims Act. Plaintiff also objects to this proposed instruction because it disregards the doctrine of vicarious liability, which is recognized in False Claims Act Cases in the Eleventh Circuit and is incorporated into Plaintiff's earlier proposed instruction on corporate knowledge. *See Grand Union Co. v. United States*, 696 F.2d 888, 890-91 (11th Cir. 1983) (stating that "in cases brought under the False Claims Act[,] . . . knowledge of an employee is imputed to the corporation when the employee acts for the benefit of the corporation and within the scope of his employment" and finding that knowledge of check-out cashiers who allowed purchases of ineligible items with food stamps that were certified by another unsuspecting employee as being paid for eligible products was imputed to their corporate employer).

_____

. . . "Instead, the Government is charged with proving the requisite scienter for each individual defendant.").

Non-Pattern Instruction

## Defendants Proposed Instruction No. 32 (Unopposed)

### Statistical Evidence

The usefulness or weight of statistical evidence depends on all the surrounding facts and circumstances. Statistical evidence is not irrefutable, and, like any other kind of evidence, it may be rebutted. Like any other type of evidence, statistical evidence must not be accepted uncritically. You should give the statistical evidence presented in this case the weight and value you think it deserves. In considering whether or not to give weight to statistical evidence or to an expert witness's opinion about such evidence, you should consider whether or not the witness is qualified to prepare, apply or interpret statistics; whether he or she has controlled for variables that could affect the reliability of his analysis; and whether there is a gap between the underlying data and the opinion proffered. If you find that statistics are unreliable or that they reflect only a witness's subjective belief or unsupported guess work or speculation, you should disregard them.

## AUTHORITY

- Jury Instructions, *U.S. ex rel. Karol v. L-3 Comm. Vertex Aerospace, LL*C, No. 3:10-cv-00339, Dkt. No. 304 at 7 (N.D. Tex. Jan. 12, 2016).

## NOTE

- Because there is a pending motion in limine regarding Plaintiff's statistician, Michael Petron, Defendants reserve the right to withdraw this instruction depending on future evidentiary rulings.

Non-Pattern Instruction

- Plaintiff also requests that a ruling on this instruction be deferred until the close of evidence.

Non-Pattern Instruction

## Plaintiff's Proposed Instruction No. 33 (Disputed)

False Claims Act - Damages

If you find that the United States has proved its claims against one or more of the Defendants by a preponderance of the evidence, you must determine the damages, if any, that the government suffered.

The measure of damages in this case is the full amount the United States paid out for any false claims you determine a Defendant submitted directly to Medicare or caused to be submitted to Medicare.

That I have instructed you on the proper measure of damages is not an indication of any view of mine as to which party is entitled to your verdict in this case. The United States must prove its damages by a preponderance of the evidence.

The United States is entitled to all damages it can prove with "reasonable certainty." On the one hand, the United States is not entitled to speculative damages. On the other hand, reasonable certainty does not require proof of damages with mathematical precision. Mere difficulty in ascertaining damages is not fatal to the United States.

## AUTHORITY:

- 31 U.S.C. § 3731(d).

- *Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 264–66 (1946).

Non-Pattern Instruction

- *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 4th 1288, 1304-05 (11th Cir. 2021) (holding, after surveying decisions of other circuits, that in the context of Medicare claims, "the proper measure of damages . . . is the difference between what the United States paid and what it would have paid had [the defendant's] claims been truthful," and further noting the rationale behind this damages measure is that, "had the defendant truthfully admitted that it was non-compliant, the United States would not have paid" anything).

- *United States v. Rogan*, 517 F.3d 449, 453 (7th Cir. 2008) ("The government offers a subsidy (from the patients' perspective, a form of insurance), with conditions. When the conditions are not satisfied, nothing is due. Thus the entire amount that [the provider] received on these [false] claims must be paid back.").

- *United States v. Killough*, 848 F.2d 1523, 1531 (11th Cir. 1988) ("Although speculation and guesswork should not be the basis for ascertaining damages, damages need not be calculated by mathematical precision.") (cleaned up).

- Jury Instructions, *United States v. Aniemeka*, No. 1:17-cv-04011, Dkt. No. 222 at 34-36 (N.D. Ill. May 2, 2023).

- Jury Instructions, *United States ex rel. Drakeford v. Tuomey*, C/A No. 3:05-2858-MBS, Dkt. No. 810, at 14 (D.S.C. May 8, 2013).

## **DEFENDANTS' OBJECTIONS:**

- The instruction misstates the law. The proper measure of damages is not what the government paid for a claim, but rather the difference between

Non-Pattern Instruction

what it paid for a claim and what it should have paid for a claim had it been accurately submitted.  Defendants' proposed instruction is more accurate.

Non-Pattern Instruction

## Defendants Proposed Instruction No. 33 (Disputed)

Damages[17]

If you find that the United States has proved its claims against one or more of the Defendants by a preponderance of the evidence, you must determine the damages, if any, the government suffered.

The measure of damages in this case is the difference between what the government actually paid as a result of the false or fraudulent claim and what the government would have paid had the government known every fact material to the government's decision whether to pay the claim.

The damages that you award must be fair compensation for all of the government's losses, no more and no less.

Damages are not allowed as punishment, and they cannot be imposed or increased to penalize a defendant.

You should not award any damages for speculative harm, but only for harm that the government has actually suffered and that the United States has actually proven.

---

[17] This instruction was adapted from the final charges given in *United States ex rel. Angela Ruckh v. Salus Rehab et* el., No. 8:11-cv-01303-SDM-CPT, ECF 527 at 26-28 (M.D. Fla. 2018).

Non-Pattern Instruction

Even if you find that a false claim has been suffered, if the United States has failed to introduce sufficient evidence from which to calculate damages, then the United States has not satisfied its burden and no damages need be award.

On the other hand, keep in mind that damages need not be proved with mathematical precision. You may, based on a preponderance of the evidence, made a just and reasonable estimate of the damages.

And, of course, you should not interpret the fact that I have given instructions about damages as an indication either that you should find a violation of the False Claims Act or that you should award damages.[18]

The United States contends that each of the each of the Defendants knowingly submitted or caused to be submitted more than one false claim for payment to the government. And if you find by a preponderance of the evidence that a Defendant is liable under the False Claims Act, you must specify on the verdict form the number of false claims proved by a preponderance of the evidence as to each individual Defendant.

You must consider the case of each Defendant and the evidence relating to that Defendant separately and individually. If you find one Defendant liable for violating the False Claims Act, that must not affect your verdict for any other Defendant.

---

[18] Eleventh Circuit Pattern (Civil) 3.8.1

Non-Pattern Instruction

**<u>PLAINTIFF'S OBJECTION</u>**:

- Plaintiff respectfully submits that its instruction is more concise. Also the last sentence in the Defendants' proposed instruction is irrelevant to the issue of damages. As stated before, it also tends to disregard the doctrine of vicarious liability.

Non-Pattern Instruction

## Plaintiff's Proposed Instruction No. 34 (Disputed)

False Claims Act – Joint and Several Liability

Defendants can be jointly and severally liable for violations under the False Claims Act. That means that they can all be liable for the same conduct and the same damages. If you find that more than one Defendant is responsible for the same damages, you should put the full amount of the damages down on the verdict form and you should not concern yourself with how those damages are divided up among the Defendants.

## AUTHORITY:

- *United States v. Aerodex, Inc.*, 469 F.2d 1003, 1013 (5th Cir. 1972) (ordering entry of joint and several judgments under the False Claims Act against a corporation and its vice president).

- *Mortgs., Inc. v. U.S. Dist. Court*, 934 F.2d 209, 212 (9th Cir. 1991) (per curiam) ("Where one or more persons have committed a fraud upon the government in violation of the FCA, each is joint and severally liable for the treble damages and statutory penalty").

- *United States v. Janke*, No. 09-14044-CIV, 2009 WL 2525073, at *2 (S.D. Fla. Aug. 17, 2009) ("It is equally clear that the FCA provides for joint and several liability.").

- *United States v. Entin*, 750 F. Supp. 512, 520 (S.D. Fla. 1990) (holding defendants jointly and severally liable under the False Claims Act).

Non-Pattern Instruction

## **DEFENDANTS' OBJECTION:**

- This instruction is unnecessary in light of the other instructions on "claim" and "causes to be presented." Additionally, the Plaintiff objects to Defendants proposed instruction on multiple defendants, which instructs the jury to make a determination that liability for each defendant must be determined separately, yet the plaintiff nevertheless wants to instruct the jury that it must hold all Defendants liable if one Defendant is held liable. To the extent Plaintiff requests deletion of Defendants' Proposed Instruction No. 31, that should require deletion of Plaintiff's Proposed Instruction No. 34.

Non-Pattern Instruction

## Plaintiff's Proposed Instruction No. 35 (Disputed)

### Number of False Claims

If you find that that one or more Defendants violated the False Claims Act, then you must determine the number of false or fraudulent claims that each Defendant submitted or caused to be submitted to Medicare. There will be space on the verdict form for you to place this number.

**AUTHORITY:**

- 31 U.S.C. §§ 3729(a)(1).

- Jury Instructions, *United States v. Aniemeka*, No. 1:17-cv-04011, Dkt. No. 222 at 39 (N.D. Ill. May 2, 2023).

- Jury Instructions, *United States v. Bluewave Healthcare Consultants, Inc.*, No. 9:14-cv-230-RMG, Dkt. No. 861 at 28 (D.S.C. Feb.2, 2018).

- Jury Instructions, *U.S. ex rel. Drakeford v. Tuomey*, No. 3:05-cv-02858-MBS Dkt. No. 10 at 12 (D.S.C. May 8, 2013).

**DEFENDANTS' OBJECTION:**

- This instruction is vague and can be read to improperly require a jury to calculate the number of false claims submitted by both Defendants, even if only one Defendant is found to have violated the False Claims Act. This is inconsistent with case law establishing that each claim, each defendant, and each claim for each defendant must be evaluated separately on its own merits. *See* cases cited in Defendants' Proposed Instruction No. 31.

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 35 (Disputed)

### Number of False Claims[19]

The United States contends that each of the Defendants knowingly submitted, or caused to be submitted, more than one false claim for payment to the government. If you find by a preponderance of the evidence that a particular Defendant is liable under the False Claims Act, you must specify the number of false claims that were submitted or caused to be submitted by that particular Defendant.

**PLAINTIFF'S OBJECTION:**

- The Plaintiff prefers its instruction on this topic because it is more succinct.

---

[19] This instruction was adapted from the final charges given in *United States ex rel. Chabot v. N-way Concrete Co.*, No. 6:06-cv-01529, ECF 147 at 14 (M.D. Fla. Mar. 5, 2010); *see also United States ex. rel. Cairns v. DS Medical, LLC et el.*, No. 1:12-CV-00004-AFG, ECF 422 at 30 (E.D. Mo. Nov. 9, 2017). The jury's verdict in *Cairns* was reversed for reasons unrelated to this instruction. *See United States ex. rel. Cairns v. D.S. Medical, LLC*, 2022 WL 2930946, at *3-4 (8th Cir. July 26, 2022) (finding district court charge that it is "is enough for the United States to show that the claim failed to disclose the [a]nti-[k]ickback [s]statute violation" erroneously "brushed aside causation" and "misinterpreted the 2010 amendment").

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 36 (Disputed)

Unjust Enrichment

The United States contends that each of the defendants were unjustly enriched. In order to prove unjust enrichment, the United States must establish by a preponderance of the evidence, that:

(1) the government had a reasonable expectation of payment;

(2) the defendant should reasonably have expected to pay; or

(3) society's reasonable expectations of person and property would be defeated by nonpayment.

**<u>PLAINTIFF'S OBJECTION:</u>**

- Plaintiff respectfully submits that this instruction is unnecessary because unjust enrichment is an equitable claim for the Court to decide. Additionally the Plaintiff's proposed verdict form has special interrogatories for the jury to find facts common to both the False Claims Act and unjust enrichment. The jury will not need to answer those interrogatories if it votes for the Plaintiff on the False Claims Act.

**<u>DEFENDANTS' RESPONSE:</u>**

- Plaintiff has proposed a verdict form that includes special questions for the unjust enrichment and payment by mistake claims, but objects to any instruction related to that claim or the special questions associated with that claim. Without a proper instruction, the jury will be confused and may provide improper responses to the special questions.  Because the Plaintiff

Non-Pattern Instruction

is demanding a special verdict form specifically to address these two state law claims, the jury should be charged on each claim.

Non-Pattern Instruction

## Defendants' Proposed Instruction No. 37 (Disputed)

Payment by Mistake

The United States contends that each of the defendants received payment by mistake. In order to prove payment by mistake, the United States must establish by a preponderance of the evidence, that:

(1) payments were made;

(2) under the belief that they were properly owed;

(3) that belief being erroneously formed; and

(4) the mistaken belief was material to the decision to pay.

## PLAINTIFF'S OBJECTION:

Plaintiff respectfully submits that this instruction is unnecessary because payment by mistake is an equitable claim for the Court to decide. Additionally the Plaintiff's proposed verdict form has special interrogatories for the jury to find facts common to both the False Claims Act and payment by mistake. The jury will not need to answer those interrogatories if it votes for the Plaintiff on the False Claims Act.

## DEFENDANTS' RESPONSE:

- Plaintiff has proposed a verdict form that includes special questions for the unjust enrichment and payment by mistake claims, but objects to any instruction related to that claim or the special questions associated with that claim. Without a proper instruction, the jury will be confused and may provide improper responses to the special questions.  Because the Plaintiff

Non-Pattern Instruction

is demanding a special verdict form specifically to address these two state
law claims, the jury should be charged on each claim.

Non-Pattern Instruction

## Instruction No. 38 (Joint)

Duty to Deliberate When Only the <u>Plaintiff</u> Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

AUTHORITY:

- Pattern Civ. Jury Instr. 11th Cir. (2022) § 3.8.1.

Non-Pattern Instruction

## Instruction No. 39 (Joint)

Election of Foreperson; Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Non-Pattern Instruction

AUTHORITY:

Pattern Civ. Jury Instr. 11th Cir. (2022) § 3.9.